COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

RAFAEL YEE,                                    No. 08-07-00237-CR

§

Appellant,                                    Appeal from the

§

V.                                             County Criminal Court No. 1

§

THE STATE OF TEXAS,                            of El Paso County, Texas

§

Appellee.                                     (TC# 20060C07993)

§

§

**O P I N I O N**

This is an appeal from a DWI conviction in which Appellant argues that the videotape of a field sobriety test should not have been admitted into evidence and challenges the legal and factual sufficiency of the evidence. We affirm.

On June 10, 2006, Evan Talavera was returning to El Paso from a family party in Ciudad Juarez, Mexico with his girlfriend, Daisy Almanza. While on the port of entry bridge, his car was struck from behind by Appellant's. Mr. Talavera got out to check the damage and spoke with Appellant. Appellant told Mr. Talavera "what did [he] want him to do; that he fell asleep." Mr. Talavera went back to his car, and when he got to the inspection booth, he told the customs officer that the driver behind him had rear-ended him.

Inspector Mario Tapia, the customs official, sent Mr. Talavera to the secondary inspection site. Inspector Tapia then asked Appellant, when he reached the inspection booth, if he was drunk, and Appellant said no. The inspector testified that Appellant's vehicle smelled of alcohol.

To test Appellant's sobriety, the inspector asked Appellant to get out of the car and open the trunk. Appellant was able to comply with the request. Inspector Tapia then directed Appellant to go to secondary inspection so that the drivers could make any arrangements necessary about the accident. Inspector Tapia did not notice whether there was alcohol on Appellant's breath or not. He also testified that such accidents on the bridge happened all the time.

Officer Marcus Torres was dispatched to the Bridge of the Americas to investigate a traffic accident. Officer Torres observed that both vehicles had a little damage done to them. Officer Torres stated Appellant had bloodshot eyes and alcohol on his breath. Officer Torres performed the standard field sobriety tests on Appellant, which include a horizontal gaze nystagmus test, the walk-and-turn-test, and the one-leg stand. Officer Torres is a certified practitioner of the standard field sobriety tests from having completed a two-day training course at the police academy. During his testimony, the officer said he needed to refer to his report for the number of possible clues on the walk-and-turn and could not recall how many clues were possible on the one-leg stand test. Officer Torres found six clues of intoxication on the horizontal gaze nystagmus test, no clues on the walk-and-turn, and two clues on the one-leg stand. Officer Torres was of the opinion that Appellant was not mentally and physically capable of operating a motor vehicle. Officer Torres testified on cross-examination that if you drink one beer and smell of alcohol you are intoxicated.

Officer Michael Macias is an intoxilyzer operator with the El Paso Police Department. Officer Macias administers breath tests to those who volunteer a sample. Officer Macias testified that it is not illegal to have a drink and drive, and smelling like alcohol does not mean you are intoxicated. He stated Officer Torres was mistaken in his comments regarding those subjects.

Appellant's speech was not slurred. Officer Macias notice a strong odor of alcohol coming from Appellant's breath and body. Appellant's eyes were watery, glossy, and bloodshot.

Socorro Castaneda is the toxicologist for the El Paso Police Department Crime Laboratory. Ms. Castaneda testified that Appellant had a blood-alcohol level of 0.105 at the time of the test. Ms. Castaneda stated there was not enough information to say whether the blood-alcohol level of Appellant was rising, but it was most likely falling. Ms. Castaneda could not state what Appellant's blood-alcohol level was at 2 a.m. based on the information she had.

Appellant was convicted of driving while intoxicated and sentenced to 180 days in the county jail, suspended for one year of community supervision. Appellant raises three issues challenging the legal and factual sufficiency of the evidence, and the admission of a videotape of the field sobriety tests. We affirm.

In Issue One, Appellant argues the trial court abused it's discretion by admitting a videotape that was in violation of the discovery order and had not been disclosed to Appellant in the State's notice of evidence. After voir dire but prior to the presentation of evidence, Appellant's counsel objected to the admission of the videotape of the field sobriety tests. Appellant argued the State did not disclose the videotape on its notice of discovery. The State responded that the tape is listed in the police report as evidence as well as on the cover of the State's file. The trial court overruled Appellant's objection. When the State moved to admit the tape at trial, Appellant's counsel objected that the foundation had not been laid, and that a chain of evidence was not established. In his brief, Appellant argues that the tape was not previously disclosed, was in violation of the trial court's discovery order, and not made available under the State's notice of evidence to be used at trial. However, Appellant did not make these objections

when the evidence was actually offered and admitted and did not obtain a running objection when he objected after voir dire, thus the issue on appeal does not comport with the objection made at trial and is waived. TEX.R.APP.P. 33.1(a); *Medina v. State*, 7 S.W.3d 633, 639 (Tex.Crim.App. 1999). Appellant also failed to request a continuance, and for that reason, any error based on surprise or violation of a discovery order is waived as well. *Smith v. State*, 779 S.W.2d 417, 431 (Tex.Crim.App. 1989).

In Issues Two and Three, Appellant challenges the legal and factual sufficiency of the evidence to support the conviction, judgment, and sentence. In a legal sufficiency review, we consider all of the evidence in a light most favorable to the verdict, and determine whether a reasonable minded juror could have found the essential elements of the charged crime were proven beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). We defer to the trier of fact to weigh the evidence, resolve conflicts in the testimony, and draw reasonable inferences from the facts. *Id*.

In a factual sufficiency review, we consider all the evidence in a neutral light. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex.Crim.App. 2007). We will sustain a factual sufficiency point if the evidence is so weak that it renders the verdict clearly wrong and manifestly unjust, or if by the great weight and preponderance of the evidence, the verdict is clearly wrong or manifestly unjust. *Id*. We cannot reverse on a factual sufficiency point based only on the fact that we would have come to a different result. *Watson v. State*, 204 S.W.3d 404, 417 (Tex.Crim.App. 2006). We must give due deference to the jury's determinations. *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006).

The offense of driving while intoxicated is committed if a person is intoxicated while

operating a motor vehicle in a public place. TEX.PENAL CODE ANN. § 49.04(a)(Vernon 2003). The information under which Appellant was charged and the jury charge alleged intoxication by not having the normal use of mental and physical faculties by reason of the introduction of alcohol into the body and by having a alcohol concentration of .08 or more. Appellant argues that the testimony regarding blood alcohol level does not reflect Appellant's level at the time he was driving. Appellant also argues the evidence was insufficient to show he lost the use of his normal physical and mental faculties.

Appellant was involved in an accident while driving on the Bridge of the Americas. Inspector Tapia testified that he smelled alcohol coming from Appellant's vehicle. The inspector asked Appellant to exit his car and open the trunk to see whether or not he was intoxicated. Appellant was able to perform that action. Police Officer Torres who went to the bridge to investigate the collision, noted that Appellant had bloodshot eyes and alcohol on his breath. Officer Torres performed the standard field sobriety tests on Appellant, and noticed six clues of intoxication on the horizontal nystagmus test and two clues on the one-leg stand test. Officer Torres believed Appellant could not physically or mentally operate a vehicle. Appellant had a blood level concentration of 0.105. However, the toxicologist stated she could not testify as to what his blood alcohol content was at the time of the driving. Testimony as to bloodshot eyes, smelling of alcohol, scoring six clues on the horizontal nystagmus test, and the officer's conclusion that Appellant had lost the normal use of his mental and physical faculties has been held to be legal and factually sufficient. *Dornbusch v. State*, 262 S.W.3d 432, 433-34 (Tex.App.--Fort Worth 2008, no pet.). While there was testimony that Appellant was not slurring and was cooperative, the jury clearly believed Officer Torres's opinion that Appellant was not able to

operate a motor vehicle.  Their conclusion is also supported by the fact that Appellant was involved in a car accident, albeit minor.  While the testimony may not link Appellant's blood alcohol level to the time he was driving, the State also alleged intoxication by loss of mental and physical faculties and provided evidence.  Issues Two and Three are overruled.

Having overruled Appellant's issues, we affirm the judgment of the trial court.


January 20, 2010
                                                      DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)